# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRACY A. MILLER,

        Plaintiff,        CASE NO. 18-11638
                                HON. DENISE PAGE HOOD

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [#17] TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#15] AND TO DENY PLAINTIFF'S MOTION TO REMAND [#14]

This matter is before the Court on a Report and Recommendation (Doc # 17) filed by Honorable Magistrate Judge Patricia T. Morris to grant the Motion for Summary Judgment filed by Defendant Commissioner of Social Security ("Commissioner") (Doc # 15) and to deny the Motion to Remand filed by Plaintiff Tracy A. Miller ("Miller"). (Doc # 14) Miller has timely filed eight objections to the Report and Recommendation. (Doc # 17) The Commissioner has filed a response to the objections. (Doc # 21)

In January 2015, Miller filed an application for social security disability benefits. The Administrative Law Judge ("ALJ") found that Miller had the following

1

injuries and conditions: depression; anxiety; post-traumatic stress disorder (PTSD); plantar fasciitis of the right and left heels; tarsal tunnel of the right and left feet; otalgia of the right ear; glomus tumor with conductive hearing loss and headaches; tinnitus; obesity; degenerative disc disease of the lumbar spine with stenosis and radiculopathy; and lower extremity peripheral neuropathy. Despite Miller's various ailments, the ALJ concluded that Miller did not meet the definition of "disabled" under 42 U.S.C. § 423(d)(1)(A). The ALJ primarily based his decision on the inconsistencies between Miller's treating physician and her specialists, as well as his finding that Miller would be able to engage in some "nonexertional" work.

Miller's main arguments against the ALJ's analysis focused on the ALJ's alleged misuse of the term "disabled" to evaluate her claim; decision to grant more weight to Miller's specialists than her primary physician; disagreements with the mental capacity findings of the residual functional capacity assessment ("RFC"); and decisions concerning the weight of non-medical evidence. The Magistrate Judge noted that the ALJ's analysis may have been vague in certain parts, but the analysis followed proper legal guidelines and any delineations resulted in harmless error. The Magistrate Judge further explained that the ALJ gave sufficient reasons for all his evidentiary decisions regarding the weight given to both medical and non-medical evidence.

Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court ACCEPTS and ADOPTS the Report and Recommendation, GRANTS the Commissioner's Motion for Summary Judgment, and DENIES Miller's Motion to Remand.

The background procedure and facts of this matter are adequately set forth in the Magistrate Judge's Report and Recommendation, and the Court adopts them here.

## I. ANALYSIS

### A. Standard of Review

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* In order to preserve the right to appeal the magistrate judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155

(1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

## B. Miller's Objections

### 1. *First Objection*

Miller first objects to the ALJ's use of the term "debilitating" in contrast with the Acting Commissioner of Social Security's ("Commissioner") use of the term "disability" in connection with evaluating whether Miller is disabled. Miller argues that the ALJ used debilitating as a synonym for "disabling." The ALJ uses different standards for rejecting a treating source's medical opinion regarding whether one is "debilitated" or "disabled." Miller argues that the use of the word debilitating created a higher than normal standard to be used to decide whether she meets the statutory definition of disabled. The Commissioner responds by stating that Miller's definition of debilitating[1] actually created a lower standard than the Social Security Act's definition of disability.[2] [ECF No. 21, Pg.ID 956] Such a lower standard would have helped Miller. The Commissioner further argues that while the ALJ may have used debilitating and disability interchangeably, no error or prejudice from the ALJ's use of the term "debilitating" resulted.

---

[1] ECF No. 20, Pg.ID 939 (defining "debilitating" as "causing serious impairment of strength or ability to function").
[2] 42 U.S.C. § 423(d)(1)(A) ("[I]nability to engage in any substantial gainful activity. . . .").

"If an agency has failed to adhere to its own procedures, a court will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses". *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 647 (6th Cir. 2009). Miller has not proven any prejudice or deprivation of substantial rights from the ALJ's use of the term "debilitating" in place of "disability."

Miller further claims that the term "debilitating" tainted the treating source analysis of Dr. Kloska. The ALJ stated that Dr. Kloska's opinion was regarded with little weight overall and given little consideration regarding the Plaintiff's condition. [ECF No. 17, Pg.ID 912] Any taint, that resulted from the term debilitating instead of disabled is harmless, as discussed below with respect to Miller's second objection.

The Magistrate Judge correctly determined that, although the wrong word was used, the ALJ applied the correct standard of law. The Court affirms the ALJ's decision and Miller's first objection is denied.

2. *Second Objection*

Miller also objects to the ALJ's "unorthodox approach" to analyzing the medical evidence. Miller argues that, despite the evidentiary analysis lacking substantial evidence, the report looks for other ways the evidence still supports the ALJ in giving little weight to Dr. Kloska's opinion.

5

The Commissioner responds that the "unorthodox approach" to analyzing Dr. Kloska's opinion is harmless. The reason for giving little weight to Dr. Kloska's opinion was that it was inconsistent with other evidence in the case. Throat, eye, and ear specialist Dr. Scharf examined Miller less than a month prior to Dr. Kloska issuing his opinion. The ALJ noted that Dr. Kloska's treatment notes were inconsistent with those of Dr. Scharf and Dr. Naumann.

Miller asserts that the ALJ failed to discuss the "big picture" by not recognizing the length of time Dr. Kloska had treated Miller, the frequency of examinations, or the extent of Dr. Kloska's treatment. Miller further asserts that the Magistrate Judge acknowledged that the ALJ failed to grant "controlling weight" to the treating physician, as required by *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004).

The Magistrate Judge, however, explained that the contested portion of the ALJ's explanation "was not the sole reason that the ALJ gave little weight to Dr. Kloska's opinion." When examining the ALJ's other explanations, the Magistrate Judge reasoned that the approach used by the ALJ to examine Dr. Kloska's opinion was unique, but Miller failed to demonstrate any prejudice. Due to Plaintiff's failure to demonstrate any prejudice, the Court agrees with the Magistrate Judge's recommendation, and Miller's second objection is denied.

3. *Third Objection*

Miller asserts that the Magistrate Judge erred when reviewing the ALJ's decision not to assign the appropriate weight to Dr. Kloska's opinion when conducting his analysis. As to the use of the term "debilitating" versus "disability," Miller argues that the wrong word and wrong standard were used. The ALJ attributed little weight to Dr. Kloska's opinion because it was inconsistent with other medical sources and lacked the support of medically acceptable clinical and laboratory diagnostic techniques. [ECF No. 11-2, Pg.ID 67-68]

*Warner v. Comm'r of Soc. Sec.*, opines that "a treating source opinion is due controlling weight only when it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." 375 F.3d 387, 391 (6th Cir. 2004). In this case, there are numerous examples, including: (a) Dr. Kloska stated that Miller would experience pain from headaches multiple times a day and as a result would need to lie down hourly. [ECF No. 17, Pg.ID 914-917]; (b) Dr. Scharf's treatment notes included no mention of headaches so severe that they would cause the limitations Dr. Kloska noted; (c) Dr. Naumann performed two tumor removal surgeries on Miller; and (d) when being treated by Dr. Naumann, Miller denied dizziness, unsteadiness, vertigo, and other serious symptoms. In communicating with Dr. Kloska, Dr. Naumann never indicated that Miller was expected to continue experiencing headaches at all, "let alone of a severity that rendered her unable to work." [*Id.* at 914]

The Magistrate Judge's Report found that proper weight was given to Dr. Kloska's medical opinion and that it was ultimately given less weight because he was not a specialist. *See* 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist."). The Magistrate Judge found substantial evidence to support the ALJ's decision to apply little weight to Dr. Kloska's opinion. It is the Court's opinion that the Magistrate Judge applied the correct standard in deciding this.

4. *Fourth Objection*

Miller next objects to the ALJ's assumption that Dr. Kloska's opinion is based largely on Miller's subjective complaints rather than a factual condition. Miller claims that the ALJ failed to describe how the limitations in Dr. Kloska's opinion are based on Miller's "own subjective assessment" and cites ongoing treatment for "severe headaches" and recent surgeries as support. [ECF No., 14 Pg.ID 798]

The ALJ considered Dr. Kloska's treatment notes as "merely the narrative description of plaintiff's subjective complaints and symptoms and not opinions regarding plaintiff's limitations or restrictions." [ECF No. 11-2, Pg.ID 67] Dr. Kloska's physical exam offered no "red flags" unlike in the treatment notes. Miller has severe impairments but there are no specific functional limitations in the RFC assessment. *Higgs v. Brown*, 880 F.2d 860, 863 (6th Cir. 1988); *see also Yang v.*

*Comm'r of Soc. Sec.*, No. 00-10446-BC, 2004 WL 1765480, at *5 (E.D. Mich. July 14, 2004) ("A claimant's severe impairment may or may not affect his or her functional capacity to do work.").

The Magistrate Judge correctly reasoned that Miller's assessment comes directly from her own personal experiences rather than from third-parties. Miller does not adequately describe how her observations would qualify as "objective" and not subjective. The Magistrate Judge held that Dr. Kloska's treatment records are lacking significant objective findings, but his opinions are based largely on Miller's subjective reports. The Court finds that there is substantial evidence that supports the ALJ's conclusion that Dr. Kloska's opinion is "substantially" based on Miller's subjective complaints. Miller's fourth objection is overruled.

5. *Fifth Objection*

Miller also argues that the ALJ failed to provide her with an adequate 1527 analysis. An adequate 1527 analysis refers to the proper balancing test to be used when analyzing the treating source opinion to decide whether a person is disabled. C.F.R. § 404.1527. There is no requirement that the ALJ discuss all six factors under the rule, however, it must be clear that all six factors were at least be considered. The six required factors an ALJ must consider when weighing medical opinions are: (1) whether the medical professional examined the claimant; (2) the treatment relationship, including the length of time and the nature and extent of the

relationship; (3) supporting medical evidence; (4) the consistency of the medical opinion with the entire record; (5) medical specializations; and (6) other relevant factors. C.F.R. § 404.1527(c)(1)-(6). But there is no need for "a step-by-step analysis of each factor." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017).

Miller argues that the first two factors (Dr. Kloska's actual examination of her and the extent of their doctor-patient relationship) were never considered and if they were, Dr. Kloska's opinion would have been given much more weight.

The Court finds that the ALJ considered the length and nature of Dr. Kloska's treatment notes by discussing the doctor's treatment history and agrees with the Magistrate Judge, that the ALJ considered all the other factors (Dr. Kloska's examination, Miller's relationship with Dr. Kloska, relevant supporting evidence, the consistency of Dr. Kloska's opinion with the overall record, and the medical specialties of Drs. Scharf and Naumann). Miller's fifth objection is overruled.

*6. Sixth Objection*

Miller believes that the Magistrate Judge went beyond the scope of the ALJ decision, especially the ALJ's alleged failure to document all medical evidence supporting the conclusion to give Dr. Kloska's opinion "little weight." Miller argues that the Report and Recommendation does not cite evidence, but instead only a subjective conclusion that was never discussed by the trier-of-fact.

Miller uses *Friend v. Commissioner of Social Security* to argue that the ALJ improperly ignored procedure when discounting Dr. Kloska's treating opinion. *See* 375 F. App'x 543, 551 ("A failure to follow the procedural requirement 'of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'") (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F. 3d 234, 243).

Although the Court finds the reasoning in *Friend* persuasive, it does not find *Friend* applicable to the instant case. In *Friend*, the ALJ did not give "good reasons for discounting" the plaintiff's treating physician. However, in Miller's case, after accounting for relevant factors such as Miller's past appointments and relationship with Dr. Kloska, the ALJ explained that the treating physician—Dr.Kloska—was not a specialist and merely served as the "gatekeeper" for receiving Miller's relevant records from specialists. The Magistrate Judge was satisfied that the ALJ's explanation included the necessary "good reasons" to give more deference to the specialists Drs. Scharf and Naumann. The Magistrate Judge also found that any error in the ALJ's consideration of Dr. Kloska's opinion was harmless because Dr. Kloska's medical source statement was a "check-the-box" form with a lack of narrative analysis. The Court agrees that the Magistrate judge was correct in

affirming the ALJ's decision. There is sufficient evidence proving that the correct standard was used. Miller's sixth objection is overruled.

*7. Seventh Objection*

Miller contests whether the ALJ's RFC accurately portrays her mental impairments. Miller claims that the ALJ did not comply with S.S.R. 96-8p. Miller argues that the ALJ is incorrect by failing to "tie the nonexertional mental portion with any evidence of case record, particularly that of Dr. Pestrue." [ECF No. 14, Pg.ID 805] Miller further contends that the ALJ cannot square a finding of four "moderate" mental limitations "with the benign mental RFC simple oral instructions and simple work decisions" in the RFC. [ECF No. 20, Pg.ID 951]

The Magistrate Judge correctly found that the RFC included several nonexertional restrictions, limiting Miller's tasks to "hearing and understanding simple oral instructions" and finding Miller "able to understand, carry out, and remember simple instructions . . . and interact [with people]."

As to Miller's other issues with the RFC, the Magistrate Judge correctly noted that Miller failed to suggest what other nonexertional limitations the ALJ should have included in the RFC to account for Miller's mental impairments. *See Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991) ("A plaintiff waives the right to appeal when they fail to file specific objections to the magistrate's recommendation."); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th

12

Cir. 2008) ("The claimant bears the burden of demonstrating the need for a more restrictive RFC.").

Miller's argument—that having four "moderate" mental limitations does not align with the RFC the ALJ proffered—is not supported by any legal citation, and she has failed to identify any flaw in the Magistrate Judge's analysis. The Court concurs with the Magistrate Judge that there is substantial evidence to support the ALJ's RFC assessment, as it pertains to any of Miller's mental impairments. Miller's seventh objection is overruled.

 8. *Eighth Objection*

Miller's eighth objection to the Magistrate Judge's analysis stems from the lack of weight given to Miller's mother's letter. The letter is a detailed, three-page letter explaining how Miller's mother cares for her daughter, her daughter's history working as a CNA, how Miller developed problems with pain, and other topics related to Miller's disability. S.S.R. 96-7p, *superseded by* S.S.R. 16-3p, however, only applies to statements by a claimant about her symptoms; it does not apply to a witness statement. Accordingly, the conclusion that the letter from Miller's mother holds less weight and any resulting error based on that, is harmless.

The Court rejects Miller's opinion that the ALJ failed in analyzing the letter because the rationale provided in the ALJ's decision does not comply with S.S.R.

13

06-03p. This ruling allows statements from relatives (such as Miller's mom) who can observe the claimant to explain the severity of symptoms.

The Court finds that the ALJ discounted the mother's letter because she lacked the medical training necessary to make the observations featured throughout the letter. The letter is also inconsistent with other evidence on record, including the "copy and paste" list of evidence that conflicted with the statements in the letter. The Court agrees with the Magistrate Judge's finding that the ALJ properly assessed how much weight should be given to the mother's letter. Miller's eighth objection is overruled.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Patricia T. Morris's Report and Recommendation (Doc # 17, filed June 11, 2019) is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendant Commissioner of Social Security's Motion for Summary Judgment (Doc # 15, filed October 23, 2018) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Tracy A. Miller's Motion to Remand (Doc # 14, filed October 1, 2018) is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


                                                           s/Denise Page Hood
                                                           United States District Judge

DATED: September 30, 2019